## HOLLIDAY, et al. *v.* HEDGE

No. 42041 April 16, 1962 139 So. 2d 866

*Morse & Morse,* Gulfport, for appellant.

No counsel for appellee.

JONES, J.

Norwood Hedge filed his bill for partition against his sister, Mrs. Holliday, and the beneficiary and trustee in a deed of trust covering the property. The complaint charged that complainant and his sister were tenants in common, each owning an undivided one-half interest in real estate described in the bill. It charged that title was from a common source, towit, their parents, each of whom had acquired by deed an undivided one-half interest.

The father died testate in 1949, devising his one-half to the mother for her lifetime, remainder to complainant and his sister in equal parts. The mother died testate in 1959, and by her will her interest was devised in equal parts to complainant and his sister.

It was charged that the land was incapable of division in kind, being residential property, and complainant sought a sale for division of the proceeds.

Mrs. Holliday answered and asserted that the property could not be sold because of the following provision in the mother's will: ''The above property can be sold only by mutual consent of the parties involved.''

Complainant moved to strike all references in the answer to such provision of the will as being insufficient to constitute a defense to the action for partition. The chancellor sustained this motion but granted the sister an interlocutory appeal without supersedeas.

In the meantime, the complainant has disappeared and makes no appearance here. Publication has been made for him from this Court. We do not have the benefit of briefs to sustain the chancellor's holding, nor are we informed as to the reason for his ruling.

 █ However, it will be noted for the deraignment of title that complainant acquired an undivided one-fourth interest in the property from his father. This interest was unfettered. Title 7, Chapter 4, Code of 1942, contains our statutes on partition. Section 961 gives a tenant in common the right to partition. This right the complainant acquired under the will of his father. The Court has given the matter considerable thought and has concluded that the mother, by her will, could not deprive the complainant of the right of partition acquired by him from his father. The case is therefore affirmed and remanded.

Affirmed and remanded.

*McGehee, C. J.,* and *Arrington, McElroy* and *Rodgers, JJ.,* concur.